USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1853  JAMES MACFARLANE, Plaintiff, Appellant, v. EDGAR D. MCKEAN, III, ESQUIRE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ James MacFarlane on brief pro se. ________________ Jeffrey H. Karlin, Jennifer L. Murphy, and Wadleigh, Starr, ___________________ ____________________ ________________ Peters, Dunn & Chiesa on brief for appellee. _____________________ ____________________ August 19, 1997 ____________________ Per Curiam. James MacFarlane appeals from the ___________ district court's grant of the motion by appellees, Edgar D. McKean, III, Esq., Julia M. Nye, Esq. and the law firm of McKean, Mattson and Latici, P.A., for judgment as a matter of law under Fed. R. Civ. P. 50(a). We agree with the district court that appellant failed to introduce evidence from which a reasonable jury could find causation in this legal malpractice case. We also find no abuse of discretion in the district court's exclusion of one of appellant's expert witnesses. Finally, we decline appellant's request to vacate a sanction imposed jointly on him and his attorney pursuant to Fed. R. Civ. P. 11. 1. Rule 50(a) Dismissal  ____________________ We have carefully reviewed the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to MacFarlane. See Gibson v. City of Cranston, 37 ___ ______ _________________ F.3d 731, 735 (1st Cir. 1994). As the governing standard requires, we have not considered the credibility of witnesses, resolved conflicts in testimony, or evaluated the weight of evidence. See id. Applying plenary review to the ___ ___ district court's judgment, we conclude that the evidence of causation "is such that reasonable minds could not differ as to the outcome." Rolon-Alvorado v. Municipality of San Juan, ______________ ________________________ 1 F.3d 74, 77 (1st Cir. 1993). No reasonable jury could have found that, but for the breaches of duty identified by MacFarlane's expert, MacFarlane should have obtained a more favorable result in his divorce trial. Specifically, in the absence of evidence -3- regarding the contents of the mortgage application, Beryl Rich's financial circumstances or her own representation of those circumstances, the jury would have been required to speculate as to the probable result if the alleged errors at the trial and appellate level had not occurred. "Speculation about what might have occurred fails to create a jury question as to the alleged damage sustained by plaintiff." Tanner v. Caplin & Drysdale, 24 F.3d 874, 878 (6th Cir. ______ __________________ 1994). B. Exclusion of Expert Witness ___________________________ "[T]he court has broad discretionary powers in determining whether or not the proposed expert is qualified by 'knowledge, skill, experience, training or education.' Fed. R. Evil. 702." Bogosian v. Mercedes-Benz of North ________ ________________________ America, Inc., 104 F.3d 472, 476 (1st Cir. 1997). The trial ______________ court did not abuse that discretion in excluding Roberta Harding, Esq., as an expert witness. C. Award of Attorneys' Fees ________________________ In accordance with this court's order of March 18, 1997, that part of MacFarlane's appeal that seeks to vacate the sanction award is dismissed. _________ The judgment of the district court, granting defendants' motion for judgment as a matter of law, is affirmed. ________ -4-